(110 App. Div. 740)

PEOPLE ex rel. ARCHER v. McADOO, Police Com'r.

(Supreme Court, Appellate Division, Second Department. January 12, 1906.)

MUNICIPAL CORPORATIONS—CIVIL SERVICE—PROMOTIONS—TIME OF MAKING.

New York City Charter, § 299 (Laws 1897, p. 103, c. 378), provides that all patrolmen shall, on their appointment, be members of the seventh grade, and after doing service therein for one year, shall be promoted to the sixth grade, and receive $100 additional salary. Civil Service Law, § 8 (Laws 1899, p. 798, c. 370), provides that all appointments in the classified service shall be for a probationary term, not exceeding the time fixed in the rules. A municipal service rule makes the term of probationary service of patrolmen one month, and provides that the retention of a patrolman in the service, without giving notice, during the probation term that he will not be retained, shall be equivalent to a permanent appointment. *Held*, that a patrolman is not entitled to a promotion and increase of salary until the expiration of one year from the end of his probation term.

Appeal from Special Term, Kings County.

Mandamus proceedings by the people, on the relation of Thomas Archer, against William McAdoo, as police commissioner of the city of New York. From an order granting the writ, respondent appeals. Reversed.

The relator was appointed a patrolman on probation on the police force of the city of New York on July 13, 1904, and was thereafter retained. The other necessary facts are in the opinion.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

James D. Bell, for appellant.

R. Percy Chittenden, for respondent.

GAYNOR, J. Section 299 of the city charter, Laws 1897, p. 103, c. 378, provides that all patrolmen shall on their appointment be members of the seventh grade, and after doing service therein for one year shall be promoted to the sixth grade, and receive $100 additional salary. The dispute here is whether the one year's service begins to run from the date of the appointment on probation, or from one month later when the probation ceases and the permanent tenure begins. The learned judge below held the former, and by command of the writ the relator would reach the sixth grade and its higher pay one month. earlier than if the writ were denied.

Section 8 of the Civil Service Law (chapter 370, p. 798, Laws 1899) provides that "All appointments or employments in the classified service shall be for a probationary term not exceeding the time fixed in the rules"; and the municipal civil service rule applicable to this case makes the term one month, and provides that if the conduct or capacity of the appointee be unsatisfactory to the appointing officer, the appointee shall be notified in writing during the probation term that at the end thereof he will not be retained. It then adds that "his retention in the service otherwise shall be equivalent to permanent appointment."

The effect of these provisions is to make the probation period a separate and distinct term, the statute using that very word. It does not run into and become part of the permanent tenure. It ends, and there is then an appointment to the permanent tenure. The municipal civil service rule provides that a failure of the appointing officer to notify the probationer during his probationary term that he will not be retained "shall be equivalent to permanent appointment." This does not destroy the separate identity of the probation term, and the necessity for an appointment to the permanent tenure; on the contrary, the rule intends such an appointment, and provides for an "equivalent" of a formal appointment. The effect is the same as though a formal appointment were made indispensable.

The permanent tenure being separate and distinct from the probation term, the year of service as a patrolman in the seventh grade requisite for promotion by the charter section began at the end of the probation term.

Order reversed and motion denied, without costs. All concur.

---

(110 App. Div. 730)

### VINCENT v. NASSAU COUNTY.

(Supreme Court, Appellate Division, Second Department. January 12, 1906.)

1. COUNTIES—AUTHORITY TO EMPLOY ATTORNEY—GENERAL RETAINER.
   While a county has authority to retain counsel whenever it has litigation, the board of supervisors have no authority, irrespective of litigation, to appoint a person as counsel at an annual salary.

Appeal from Trial Term, Nassau County.